IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHANTE' NICOLE HODGE, *et al.*,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Case No. RWT 16cv269 |
| **BANK OF AMERICA CORP., *et al.*** | * | |
| *Defendants*. | * | |

## MEMORANDUM AND ORDER

The Court has reviewed Plaintiffs' Complaint and Motions for Leave to Proceed in forma pauperis. ECF Nos. 1, 2, 3, 4, 5. For the reasons that follow, this case shall be dismissed without prejudice, and the Motions to Proceed in forma pauperis shall be denied.

In their Complaint, Plaintiffs allege that the Defendants violated 42 U.S.C. § 2000a and 42 U.S.C. § 12181(7)(f). ECF No. 1, at 9. They further claim they are entitled to relief for "humiliation and embarrassment," "mental anguish," "deceit and coercing," and "intentional infliction of emotional distress." *Id.* at 9–10. These claims stem from two incidents in which Bank of America allegedly refused to cash two checks which were drawn on a Bank of America account, eventually cashing only one of the checks. *Id.* at 3–8. The Plaintiffs do not have Bank of America accounts. *See id.* at 8. The Plaintiffs claim the "'white'" Defendants refused to cash the checks because the "Plaintiffs are African Americans." *Id.* at 2. They allege that "'white' and 'Hispanic' customers" were "cashing checks and mak[ing] withdraws and received service from the Bank of America in which plaintiffs tried to cash their checks on both days, yet they were refused the same services as other races of people." *Id.* at 7.

As a preliminary matter, "[t]here is no federal law or regulation that requires national banks to cash checks for noncustomers. Most banks have policies that allow check cashing services only for customers who have an account with them in order to protect both themselves and their customers from forgeries." Office of the Comptroller of Currency, *Answers about Cashing Checks*, HelpWithMyBank.gov, http://www.helpwithmybank.gov/get-answers/bank-accounts/checks-cashing/faq-banking-check-cashing-03.html (last accessed Feb. 19, 2016). Thus, the Defendants had no obligation to cash the checks or give any explanation for why they chose not to cash them.

Furthermore, the Plaintiffs' Complaint fails to meet even the liberal standard to which courts hold pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not allow a court to ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Aside from a bare allegation that customers of other races were receiving services, they have not alleged any facts to support their claims. As an example of the numerous glaring omissions, the Plaintiffs have not alleged facts sufficient to show that the other customers were permitted to cash checks without a Bank of America account. Nor have they alleged facts sufficient to meet the extremely high standard necessary to prove a claim for intentional infliction of emotional distress. *See Harris v. Jones*, 281 Md. 560, 571–72, 380 A.2d 611, 616–17 (1977).

The Plaintiffs' Motions for Leave to Proceed in forma pauperis are equally wanting. Notably, neither the trust on which the one check was drawn nor the checks themselves appear on the applications. *See* ECF Nos. 3, 4. Additionally, the value of the less than two year old 2014 Nissan Altima has been severely underreported. *See* Used Car Prices for Nissan Altima,

Kelly Blue Book, http://www.kbb.com/nissan/altima/2014/25-sedan-4d/?vehicleid=392392&intent=buy-used&mileage=32401&condition=good&pricetype=retail (listing fair market value of typical 2014 Nissan Altima in good condition as more than $13,000) (last visited Feb. 19, 2016); ECF No. 2, at 3 (listing value of 2014 Nissan Altima as $1,500). These omissions cast doubt on the veracity of the applications. Even if those concerns are overlooked, the reported income of the Plaintiffs, collectively, who are three adults and one minor living in the same house, disqualifies them from proceeding in forma pauperis because their income substantially exceeds their expenses.

 Finally, if Plaintiffs choose to refile their Complaint, they are reminded that this is not their first experience in federal court. They should therefore be familiar with the requirements regarding representation of minors and the content of pleadings. As Judge Grimm clearly explained to the Plaintiffs last year in *Hodge v. Six Flags Entertainment Corporation, et al.*, ECF No. 11, 14-cv-3427-PWG (March 26, 2015), Beersheva, a minor, must be represented by counsel. *See* Fed. R. Civ. P. 17(c)(2); *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) (holding that a non-attorney guardian does not have the authority to litigate a child's claim pro se). Additionally, the Plaintiffs are forewarned that any pleadings or motions filed with the court must meet the requirements of Rules 8 and 11 of the Federal Rules of Civil Procedure. Plaintiffs should take particular note of the requirements that all "claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2)–(3). Failure to abide by these requirements may result in dismissal.

Accordingly, it is, this 19th day of February, 2016, by the United States District Court for the District of Maryland

**ORDERED**, that the Complaint is **DISMISSED WITHOUT PREJUDICE** and the Plaintiffs shall have **thirty (30) days** from the date of this order to file an amended Complaint in accordance with this Memorandum and Order, otherwise the dismissal shall be with prejudice; and it is further

**ORDERED**, that the Motions to Proceed in forma pauperis (ECF Nos. 2, 3, 4, and 5) are **DENIED**; and it is further

**ORDERED**, that the Motion to Attach Exhibits (ECF No. 6) is **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk **SHALL MAIL** a copy of this Order to all parties.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE